<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MR. ROBERTO REYES,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER GARY M. LANIGAN, et al.,<br><br>        Defendants. | Civil Action No. 14-6499 (FSH)<br><br><br>**MEMORANDUM OPINION** |

**APPEARANCES**:

> Mr. Roberto Reyes
> 675029/SBI-636930E
> Northern State Prison
> PO Box 2300
> Newark, NJ 07114
> Plaintiff Pro Se

<u>**HOCHBERG, District Judge**</u>:

1. This matter is before the Court on Plaintiff's filing of a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed without payment will be granted. As set forth below, the Complaint will be dismissed.

2. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. Plaintiff names Commissioner Gary M. Lanigan, Kenneth Nelsen, SCO Wasik, SCO Vazquez, and Chelsea Butler as defendants. No specific facts are alleged against Commissioner Gary M. Lanigan or Kenneth Nelsen in Plaintiff's Statement of Claims. Plaintiff alleges that on February 4, 2014, Defendant SCO Wasik, under the direction of

Chelsea Butler, blackmailed and threatened Plaintiff. Complaint, ECF No. 1, Statement of Claims. Plaintiff does not give specifics of the alleged blackmail, but states that he was told to leave his clerk/computer job or "false accusations" would be brought against him. *Id.* Plaintiff states that SCO Vazquez informed other inmates of the reason that Plaintiff is incarcerated. *Id.*

3. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity. The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

4. To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such

an entitlement with its facts.") (emphasis supplied).   The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*.   *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

5. It appears that Plaintiff intends to sue Commissioner Gary M. Lanigan and Kenneth Nelsen in their official capacity, however Plaintiff has not alleged any specific facts as against those Defendants.   The Court must determine whether the complaint is seeking to sue them in their individual and/or official capacity. This determination will affect the analysis of whether plaintiff has stated a claim upon which relief can be granted.   As the United States Supreme Court has explained:

   > Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.   *See, e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974).   Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

6. In this case, it appears that Plaintiff is attempting to assert his claim against these Defendants in their official capacity.   Plaintiff does not allege any specific facts indicating action on the part of Defendants Lanigan and Nelsen but rather appears to have named them as defendants based on the allegation that the alleged actions in the complaint were a result a practice and policy maintained by the prison's administration.   As such, plaintiff may be attempting to assert a claim against Defendants Lanigan and Nelsen in their official capacity.   *See Whiting v. Bonazza*, 545 F. App'x 126, 131 (3d Cir. 2013) (per curiam) ("[M]unicipal liability under § 1983 arises only when a constitutional deprivation results from an official custom or policy.") (citing *Monell*, 436 U.S. at 691); *see also Duran v. Merline*, 923 F. Supp. 2d 702, 713 (D.N.J. 2013) ("The operative Complaint challenges the long-standing conditions of confinement as the [Atlantic City Justice

3

Facility] which, as discussed below, suggest a custom, for which Defendant Merline may be liable in his official capacity as warden.") (citations omitted).

7. Here, Plaintiff has failed to establish liability on behalf of the Defendants Lanigan and Nelsen either in their official or individual capacities sufficient to allow the claim to proceed.   He has not alleged facts to indicate that these Defendants either individually were involved with the incident or was responsible for establishing any practices or policies on behalf of the administration which led to Plaintiff's alleged harm.   As to Plaintiff's claims brought against Defendants Lanigan and Nelsen, he has not pled sufficiently to establish a cause of action and the Complaint will be dismissed as against those Defendants.

8. Further, to the extent that Plaintiff also intends to assert constitutional violations claims against SCO Wasik, SCO Vazquez, and Chelsea Butler, Plaintiff has failed to establish grounds sufficient to allege a constitutional violation.

9. Here, the limited facts provided by Plaintiff in his Complaint do not survive dismissal, because the pleading does not contain sufficient factual matter to state a claim for relief.   Plaintiff's Complaint does not contain factual content sufficient to show that these Defendants would be liable for any alleged misconduct.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

10. Plaintiff has not provided facts in his Complaint to establish a violation of his constitutional rights.   Thus, Plaintiff has not shown that he is entitled to relief.   *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

11. Here, since the factual allegations in the Complaint fail to state a claim, this action will dismissed as against SCO Wasik, SCO Vazquez, and Chelsea Butler for failure to state a cognizable claim for relief under § 1983.

12. Thus, for the reasons set forth above, Plaintiff's complaint will be dismissed.   An appropriate order follows.

s/ Faith S. Hochberg<br>**FAITH S. HOCHBERG, U.S.D.J.**

DATED:   November 10, 2014